## A. E. POOL V. THE STATE.

No. 15534.   Delivered March 8, 1933.
Reported in 58 S. W. (2d) 120.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving a deposit of money in an insolvent bank; the punishment, confinement in the penitentiary for six years.

The insolvency of the bank at the time the deposit was received was not alleged affirmatively in the indictment. In Fleming v. State, 139 S. W., 598, it was held that there should be an affirmative allegation that the bank was insolvent. In that case, as in this, the bank was incorporated under the laws of the State of Texas.

The opinion is expressed that the state failed to discharge the burden of proving that the bank was insolvent, that is, that it did not have sufficient assets to discharge its debts. The

state relied upon the fact that the bank closed and was taken in charge by the banking commissioner. Appellant's proof was uncontroverted to the effect that the reason the bank closed was because of silent withdrawals by certain depositors, which had lowered the cash reserve. Further, the uncontroverted proof on the part of appellant was to the effect that the live assets of the bank exceeded all liabilities in value by $153,000. No witness testified to facts showing the insolvency of the bank. There was no evidence adduced on the part of the state that the notes or bills receivable were not signed by solvent persons. In short, as far as the state's proof was concerned, all of the notes owned by the bank had been executed by solvent persons, and were worth their face value. See Riddle v. State, 291 S. W., 910.

In defining "insolvency" the court instructed the jury that such term. meant that a bank or banking institution is deemed to be insolvent or in failing circumstances whenever such institution, from any cause, is unable to pay its debts in the ordinary or usual course of its business. Appellant timely and properly excepted to this charge. The court should have responded to appellant's exception and amended the charge. The definition given by the court is substantially the same as that condemned in Fleming v. State, supra. The jury might have construed the charge to mean that the bare fact that the bank was unable to meet all checks and demands made upon it at once characterized it as insolvent. We quote from Fleming v. State, supra, as follows: "Again, the rule that the bank must be able to meet all checks and demands made upon it at once would be more than harsh for it would place banks at the mercy of any combination formed against it, and place it at the mercy of those holding checks and drafts against it, if they should see proper to make a run upon it when it was not prepared upon the moment to collect in its cash or loaned money. At the time this bank closed, it was not only shown in the record, but is a matter of current history, that our country was in a financial panic, and it was impossible for the banks to meet their liabilities from one end of the country to the other. Under the rule or criterion set forth in the charge of the court, doubtless under then existing circumstances any bank, and perhaps every bank in the country, could have been held to be insolvent, and its officers made felons."

See, also, Riddle v. State, supra.

We think the court's charge on prima facie evidence was misleading, in that the jury might have reached the conclusion

therefrom that they were warranted in convicting appellant because of the fact that the bank closed. The prima facie evidence part of article 557, P. C., under which appellant was convicted, relates to one fact, that is, the knowledge that the bank was insolvent. We quote from the article as follows: "The failure of any such bank or banking institution, or trust company or institution, shall be prima facie evidence of knowledge on the part of any such officer or person that the same was insolvent or in failing circumstances when the money or property was received on deposit.

As heretofore pointed out, it was incumbent upon the state to prove beyond a reasonable doubt that the bank was insolvent at the time it received the deposit. There is nothing in article 557, supra, which warrants the construction that proof that a bank closes because it is unable to pay its depositors on demand is prima facie evidence of its insolvency. In the charge the court stated generally that prima facie evidence is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. This was calculated to lead the jury to the conclusion that they might predicate a verdict of guilty upon the sole fact that the bank had closed by virtue of its inability to pay its depositors at the time their money was demanded. In other words, the "prima facie evidence" charge was so framed as to cover the whole case.

We think appellant's exception to the charge for its failure to embrace an instruction on the law of circumstantial evidence was well taken. Also, upon another trial, the court should fully charge appellant's affirmative defense.

We are unable to perceive the relevancy of the testimony brought forward in bill of exception No. 27. It did not prove or tend to prove any issue, and was not in rebuttal of any testimony offered by appellant. The fact that appellant might have stated to a customer other than Allen, the depositor named in the indictment, that his deposit was perfectly safe would seem to shed no light on any issue in the case. Proof that this depositor had gone to the bank for the purpose of withdrawing his money, but was persuaded by appellant that his deposit was safe, would appear to be prejudicial.

In rebuttal, the state showed, over appellant's proper objection, that 130 named depositors entered the bank on August 28, 1931, and deposited various amounts of money. None of these depositors was named in the indictment. Under the facts reflected by the record, we fail to see upon what issue this testimony was relevant. There appears to have been no contro-

versy as to the fact that appellant assented to the reception of the deposit alleged in the indictment.

Several bills of exception relate to the fact that certain employees of the bank withdrew money from their accounts prior to the day the bank closed, and the further fact that they did not place in the bank money received from sources other than their salaries. Most of these bills show that several of the bank employees did not deposit their last salary checks in the bank. There was nothing to show that appellant knew anything about any of these matters. The jury likely took this action on the part of the employees to mean that such employees believed that the bank was insolvent. We are unable to reach the conclusion that such testimony was admissible.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.